**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0858-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN FLORENCE,

     Defendant-Appellant.

_____

Submitted November 6, 2025 – Decided November 21, 2025

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 93-04-1390.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Deputy Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John Florence appeals from an October 6, 2023 order denying his motion to correct an illegal sentence and remand for a resentencing hearing. We affirm.

In 1994, Florence was convicted after a jury trial of ten offenses, most notably felony murder and armed robbery. He committed these offenses at the age of nineteen.

During the sentencing hearing, the judge found numerous aggravating factors, including the nature and circumstances of the offenses, extreme indifference to human life, risk of recidivism, and need to deter similar conduct. The judge found "no mitigating factors whatsoever." The judge sentenced Florence to a life term subject to thirty years of parole ineligibility on the felony murder conviction and a consecutive term of twenty years subject to ten years of parole ineligibility on the armed robbery conviction to be served consecutive to the felony murder sentence.

In 1997, Florence filed a direct appeal from his convictions and sentence. This court affirmed the convictions and rejected Florence's sentencing arguments as "without merit." State v. Florence, No. A-0774-94 (App. Div. Feb. 10, 1997) (slip op. at 6), certif. denied, 149 N.J. 410 (1997).

A-0858-23

In March 1998, Florence filed a petition for post-conviction relief (PCR) in the trial court alleging various trial errors and ineffective assistance of trial counsel claims. The trial court denied the petition in March 1999.

In 2000, Florence appealed the denial of his PCR petition to this court, arguing ineffective assistance of PCR counsel. We affirmed, determining the issues raised "without sufficient merit to warrant disposition in a written opinion." State v. Florence, No. A-6012-98 (App. Div. Oct. 18, 2000) (slip op. at 3), certif. denied, 167 N.J. 633 (2001). We concluded "the evidence of defendant's guilt was overwhelming, and post-conviction counsel could not change that." Id. at 5.

In 2011, Florence filed a motion for a new trial based on new evidence. State v. Florence, No. A-0275-08 (App. Div. Feb. 23, 2011) (slip op. at 4), certif. denied, 207 N.J. 224 (2011). Florence asserted a 2006 letter from an individual who served as a juror at his trial indicated "some reservations about the verdict." Id. at 2.

In 2007, the trial judge voir dired the juror who wrote the letter. The trial judge denied defendant's new trial motion, finding the veracity of the 2006 letter from the juror "highly questionable" so many years after defendant's 1994 conviction. Id. at 7.

3

On appeal, we affirmed the trial judge's rejection of defendant's contention that improper extraneous information had the capacity to influence the trial's outcome warranting a new trial. Id. at 7-8.

In 2014, Florence attempted to file an appeal from a July 24, 2013 order denying his second PCR petition. State v. Florence, No. A-0935-14 (App. Div. Jan. 9, 2015), certif. denied, 222 N.J. 14 (2015). Due to the passage of time between the order denying the second PCR petition and Florence's notice of appeal, he was instructed to file a motion allowing the notice of appeal as within time. We denied the within time motion and dismissed the appeal.

In 2018, the United States District Court of New Jersey denied Florence's writ of habeas corpus. See generally Florence v. Hendricks, 2018 U.S. Dist. LEXIS 158262 (D.N.J. Sept. 17, 2018), aff'd sub. nom., Florence v. Adm'r N.J. State Prison, U.S. App. LEXIS 40646 (3rd Cir. Mar. 11, 2019).

In March 2023, Florence filed a motion to correct an illegal sentence, relying on State v. Comer, 249 N.J. 359 (2022). Before the motion judge, Florence asserted he qualified as a "late adolescent" at the time of his crimes and his "'youth' was not properly considered" under Comer. Florence argued the holding in Comer should be applied to "late adolescents" because "the consensus in the scientific community is that the developmental brain science

4

accepted by the New Jersey Supreme Court is actually applicable to offenders in their mid-twenties." Additionally, Florence contended his "sentence [wa]s illegal because there was no 'overall fairness' assessment conducted before the imposition of maximum consecutive sentences" on his armed robbery convictions. Further, Florence argued the sentencing judge improperly relied on evidence of conduct related to an offense for which the jury acquitted him. Based on these arguments, Florence requested a remand for resentencing.

The motion judge denied the motion. She rejected Florence's youth-based arguments because Florence was over eighteen years old when he committed the offenses. The judge found the remainder of Florence's arguments were litigated and rejected on direct appeal.

On appeal, defendant raises the following arguments:

Point One

THE NINETEEN YEAR OLD DEFENDANT'S SENTENCE OF LIFE WITH A [FORTY] YEAR PAROLE BAR, WHICH WAS IMPOSED WITHOUT CONSIDERATION OF HIS "LATE ADOLESCENT" STATUS, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, AS DEVELOPING NEUROSCIENCE DEMONSTRATES THAT THE LAW'S HEIGHTENED PROTECTIONS FOR THE SENTENCING OF JUVENILES SHOULD APPLY TO OFFENDERS AGED [EIGHTEEN] TO [TWENTY] YEARS, THEREFORE DEFENDANT SHOULD BE

5

RESENTENCED IN ACCORDANCE WITH STATE v. COMER, 249 N.J. 359 (2022).

A. A Life Sentence for Juveniles is Unconstitutional Without Consideration of the "Distinctive Attributes of Youth," And it is Only the Rarest of Juvenile Offenders for Which Such a Sentence Would Not Be Constitutionally Disproportionate. Additionally, our Court Has Now Provided a Right to a Miller Resentencing for Juveniles Sentenced for Murder Who Have Served [Twenty] Years. See[] State v. Comer, 249 N.J. 359 (2022).

B. Late Adolescents Share Juveniles' "Distinctive Attributes of Youth."

C. A Life With a Consecutive [Twenty]-Year Sentence With a [Forty]-Year Parole Disqualifier Is "Grossly Disproportionate" to Defendant.

D. "Evolving Standards of Decency" Demonstrate That Defendant's Sentence Without Consideration of Youth Is Cruel and Unusual Punishment.

Point Two

THIS COURT SHOULD REMAND FOR RESENTENCING TO PERMIT THE TRIAL COURT TO RECONSIDER THE CONSECUTIVE SENTENCES IN LIGHT OF STATE v. TORRES, 246 N.J. 246 (2021).

Point Three

THIS MATTER SHOULD BE REMANDED TO THE TRIAL COURT FOR RESENTENCING BECAUSE THE SENTENCING JUDGE BASED HIS SENTENCING DECISION IN PART ON FACTS

A-0858-23

FROM COUNTS OF THE INDICTMENT ON WHICH DEFENDANT WAS ACQUITTED.

We review the disposition of a motion to correct an illegal sentence de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "[A]n illegal sentence is one that 'exceeds the maximum penalty . . . for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 165 N.J. 240, 247 (2000)). This includes a sentence "imposed without regard to some constitutional safeguard." State v. Zuber, 227 N.J. 442, 437 (2017). There is no temporal limit on a court's ability to review an illegal sentence; it "can be corrected at any time." Acevedo, 205 N.J. at 47 n.4.

Here, Florence argues for resentencing based on developments in the field of neuroscience suggesting lengthy sentences should not be imposed for offenders of his age at the time he committed his crimes. He claims the motion judge erred in declining to conduct a resentencing hearing under Comer. We disagree.

In Comer, our Supreme Court held "juveniles may petition the court to review their sentence after [twenty] years." 249 N.J. at 401. Although the Court specifically reserved this procedure for juveniles, Florence argues "late

7

adolescents" share similar biological characteristics to juveniles, supporting application of Comer to young adults.

Guided by our decision in State v. Sean Jones, 478 N.J. Super. 532 (App. Div.), certif. denied, 259 N.J. 304 (2024), we discern no support for defendant's argument that Comer should be applied to young adult offenders over the age of eighteen at the time of the offenses. In Sean Jones, we rejected Florence's identical argument that defendants who committed offenses as eighteen to twenty year olds, warranted resentencing based on evolving scientific evidence regarding maturity. Id. at 542-43, 546-47. We declined to extend the Comer lookback period to defendants who were eighteen to twenty years of age at the time of their crimes. Id. at 549. Notwithstanding modern scientific evidence, we explained: "'The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing. Although this choice may seem arbitrary, a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'" Id. at 550-51 (quoting State v. Ryan, 249 N.J. 581, 600 n.10 (2022)).

Florence was nineteen years old when he committed his crimes and thus fell within the age range contemplated and rejected under Sean Jones. Id. at 549. As the motion judge noted in denying Florence's motion to correct an

illegal sentence, <u>Comer</u> "can only be retroactively applied, for individuals that were sentenced to life sentences that were under the age of [eighteen] at the time." We are satisfied the motion judge correctly denied Florence's motion to correct an illegal sentence because he was over the age of eighteen at the time he committed his crimes.

We next address Florence's asserted entitlement to a remand for resentencing. He argues the sentencing judge failed to assess the overall fairness of imposing consecutive sentences under <u>State v. Torres</u>, 246 N.J. 246 (2021). Florence premises his argument based upon his age at the time he committed the crimes. He asserts the sentencing judge did not adequately consider his age when imposing consecutive sentences as required by <u>Torres</u>.

It is well-settled that <u>Torres</u> did not announce a new rule of law. Rather, <u>Torres</u> merely extended the required analysis under <u>State v. Yarbough</u>, 100 N.J. 627, 643-45 (1985), to be considered by sentencing courts in deciding whether to impose sentences consecutively or concurrently. <u>See</u> <u>Torres</u>, 246 N.J. at 270 ("reiterat[ing] the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on 'the fairness of the overall sentence'") (quoting <u>State v. Miller</u>, 108 N.J. 112, 122 (1987)). Moreover, even if we were to apply <u>Torres</u>, the New Jersey Supreme Court in

that case "reject[ed] any contention that taking age into account in the overall-fairness assessment [altered] in any way the focus of the stated purposes of the [Criminal] Code." Id. at 274.

Here, the motion judge found the sentencing judge, while not using the term "overall fairness," properly considered the Yarbough factors when imposing consecutive sentences based on the credible evidence. The sentencing judge noted Florence posed a significant risk of reoffending. The judge also found a need to deter Florence from his "dangerous" behavior, requiring that he be "removed for a substantial period of time from society," and fashioned the sentence "to achieve that objective."

Additionally, Florence's age at the time he committed the crimes was part of the trial evidence, included in the presentence investigation report submitted to the judge, and addressed by defense counsel at sentencing. Thus, the judge knew Florence's age when imposing consecutive sentences. On this record, we are satisfied the judge considered Florence's age and other relevant and applicable factors when imposing consecutive sentences.

We turn to Florence's argument that the sentencing judge erred in "rel[ying] upon facts supplied by" a witness related to counts for which he was

A-0858-23

later acquitted. In support of his argument, Florence relies on State v. Melvin, 248 N.J. 321 (2021). In Melvin, our Supreme Court held:

> To permit the re-litigation of facts in a criminal case under the lower preponderance of the evidence standard would render the jury's role in the criminal justice process null and would be fundamentally unfair. In order to protect the integrity of our Constitution's right to a criminal trial by jury, we simply cannot allow a jury's verdict to be ignored through judicial fact-finding at sentencing.
>
> [248 N.J. at 349.]

Florence contends the sentencing judge engaged in impermissible "judicial fact-finding at sentencing" by relying on evidence of conduct from counts on which the jury acquitted him. Florence argues the sentencing judge "ignored" the jury's acquittal on certain counts and his sentence should be reconsidered "due to th[is] constitutional violation."

We reject Florence's arguments based on Melvin. Florence's 1997 direct appeal from his convictions and sentence concluded upon the New Jersey Supreme Court's denial of his petition for certification in 2001. See State v. Florence, 167 N.J. 633 (2001). Only direct appeals pending when Melvin was decided in 2021 could be accorded pipeline retroactivity. State v. Morente-Dubon, 474 N.J. Super. 197, 213 (App. Div. 2022). Because Florence's direct

appeal was rejected with finality in 2001, he was not entitled to pipeline retroactivity under Melvin to warrant a remand for resentencing.

Further, our review of the sentencing transcript reveals the sentencing judge referred to defendant's acquitted conduct related to counts three and four as part of the judge's preliminary remarks. The judge's sentencing decision, many pages later in the sentencing transcript, does not refer to any conduct on these counts for which the jury acquitted defendant.

To the extent we have not specifically addressed any of defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0858-23